FILED
CLERK OF COURT

2024 SEP 16 PM 2: 01

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0313-21 |
| vs. | **DECISION AND ORDER** |
| NICHOLAS WAYNE MOORE, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 4, 2024, for hearing on Defendant Nicholas Wayne Moore's ("Defendant") Amended Motion to Dismiss Amended Superseding Indictment. Present were Assistant Attorney General Sean E. Brown on behalf of the People of Guam ("the Government") and Defendant with counsels, David J. Lujan, Michael F. Phillips, and William L. Gavras. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with (1) two counts of Aggravated Assault (As a Second Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) one count of Terrorizing (As a Third Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) one count of Possession of an Unregistered Firearm (As a Third Degree Felony).[1] (Am. Superseding Indictment, Jun. 13, 2022). Jury

---

[1] On March 24, 2022, the Grand Jury returned a Superseding Indictment adding a co-defendant to the matter, Eric Benjamin Salone. The defendants were subsequently severed for trial. *See* Order, May 20, 2022 (granting an oral

*People v. Moore*
Case No. CF0313-21
Decision and Order

Selection and Trial commenced on the Amended Superseding Indictment on June 15, 2022 before Judge Alberto E. Tolentino and continued throughout the fall of 2022. On November 9, 2022, the court adjourned trial until January 10, 2023, to allow trial jurors an opportunity to travel during the holidays. Trial did not resume on January 10, 2023, however, and a mistrial was granted on January 23, 2023.[2]

On May 15, 2023, Jury Selection and Trial commenced for the second time before Judge Tolentino. No jury was ultimately empaneled and sworn from this selection.[3]

On October 16, 2023, Jury Selection and Trial commenced for the third time before Judge Tolentino. A jury of twelve and four alternates was empaneled the following day, however, the matter did not immediately proceed to opening statements and witness testimony. This jury was later discharged by this Court[4] on April 9, 2024 after it granted Defendant's October 17, 2023 Motion for Mistrial. *See* Order re: Deft's Oct. 17, 2023 Mot. for Mistrial, Apr. 9, 2024. Jury Selection and Trial was set to commence for a fourth time on April 30, 2024, but was subsequently vacated due to Defendant's waiver of speedy trial and a Motion to Dismiss Indictment filed April 22, 2024. *See* Order Granting Deft's Ex Parte Mot. to Continue Trial filed Apr. 22, 2024, Apr. 25, 2024. Jury Selection and Trial was then set for September 4, 2024. *See* Am. Criminal Trial Scheduling Order, May 1, 2024.

On August 22, 2024, Defendant filed the instant motion. Defendant moves the Court to dismiss the Amended Superseding Indictment based on Judge Tolentino's actions with regard to

---

stipulation for severance of defendants). The Superseding Indictment was later amended to remove Salone's name and charges for Defendant's first trial. *See* Am. Superseding Indictment, Jun. 13, 2022.

[2] Judge Tolentino was unable to resume trial on January 10, 2023, due to medical issues that developed throughout the holiday break. Judge Arthur R. Barcinas subsequently presided over the matter in a case management role to address housekeeping issues and ultimately granted Defendant's January 9, 2023 Motion for a Mistrial. *See* Dec. & Order, Jan. 23, 2023.

[3] This Court previously noted that it was not entirely clear from the record how the May 15, 2023 jury venire and a May 19, 2023 Motion for Mistrial Resulting from Violations Banning Media Coverage and Public Access, and Failure to Maintain an Open Court and Public Trial were subsequently addressed. *See* Dec. & Order at 3 fn. 5 (Apr. 17, 2024).

[4] This matter was assigned to this Court on January 18, 2024. *See* Notice of Judge Assignment, Jan. 18, 2024.

---

*People v. Moore*
Case No. CF0313-21
Decision and Order

the second jury selection venire from May 2023.[5] *See generally,* Am. Mot. Dismiss, Aug. 22, 2024. Defendant argues that Judge Tolentino's unilateral decision to discharge the remaining veniremen was "without any legal or factual basis" and that he lacked "the authority or power to unilaterally discharge the jury without the express consent or agreement of both the People and the Defense." *Id.* at 4-5. Defendant further moves the Court to order the following individuals to testify regarding their knowledge of the dismissal and discharge of the jurors: Assistant Attorney General J. Basil O'Mallan III; the Jury Clerk; the Deputy Jury Clerk involved in all three selections; Judge Tolentino; and Judge Tolentino's Chamber Clerk. *Id.* at 5.

On August 27, 2024, the Government filed its Opposition.

On September 4, 2024, the Court heard arguments on the Motion. At the Motion Hearing, the Government acknowledged that it misread the Motion to Dismiss, as the written opposition addressed speedy trial and not the issue of the discharge of the second jury trial venire.[6] The Government, however, continued to oppose the Motion, arguing that Defendant waived the issue. The Court subsequently placed the matter under advisement.

## DISCUSSION

At issue before the Court is the second Jury Selection and Trial in this matter, which commenced on May 15, 2023 before Judge Tolentino. The second jury selection continued through May 18, 2023; however, no jury was ever ultimately empaneled, nor was the jury venire formally discharged on the record. Relevant to this issue is the following procedural history of the case:

- On May 5, 2023, Defendant re-asserted his right to a speedy trial.

---

[5] Attached to the Amended Motion are several exhibits, including the docket sheet, minute entries and transcripts from the jury selection on May 15, 16, 17, and 18, 2023.

[6] Regardless of whether or not the Government had responded to the arguments set forth in the Motion to Dismiss, the Court still has a duty to evaluate the merits of the Motion. *See Quitugua v. Flores,* 2004 Guam 19 ¶ 28 ("[W]e emphasize that the failure to file a written opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require a court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision.").

- Judge Elyze M. Iriarte briefly presided over this matter after Defendant's re-assertion. At a Pre-Trial Conference on May 8, 2023, both parties waived any conflict of interest and Defendant agreed to "hold" speedy trial until Friday, May 12, 2023. (Minute Entry, May 8, 2023). The Government subsequently withdrew its waiver of Judge Iriarte's conflict of interest. *See* People's Obj. to Judge Elyze M. Iriarte's Presiding Over Deft's Trial, May 8, 2023; Notice of Disqualification, May 9, 2023.

- Jury Selection and Trial was then set before Judge Tolentino for May 15, 2023. *See* Notice of In-Person Hearing, May 9, 2023.

- On May 15, 2023, Judge Tolentino began the voir dire process with potential jurors. Present were Assistant Attorney General O'Mallan on behalf of the Government and Defendant with counsels Lujan, Phillips, and Gavras. The jury venire was told that the trial would last two to three weeks. (Jury Selection Tr. 44: 7-9, May 15, 2023).

- On May 16, 2023, an additional fifty jurors were brought in for voir dire by the court.

- On May 17, 2023, both counsel for the Government and Defendant moved the court for a mistrial based on an erroneous news article published by Pacific Daily News. (Jury Selection Tr. 11: 5-10; 16-17, May 17, 2023 ("So Number 1, Your Honor, we would agree to a mistrial. Number 2 is we would also agree that we would not start the second trial until maybe around June 1st, and the reason for that, Your Honor, and our client would be willing to waive, gain, up until that time. . . while we want to move fast, we don't want to negate the very reason for the mistrial.")). Judge Tolentino denied the motion and ordered jury selection to continue. *Id.* at 16: 5-10. ("The Court will go forward this morning, okay, so it's preserved and on the record, his request to try to continue this to June 1st, even with Mr. Moore's waiver of speedy trial and accommodation, the Court will deny that request, okay, and we'll just go forward with the voir dire of our venire.")).

- On May 18, 2023, the fourth day of selection, counsel for the Government conducted his voir dire of the jury venire and counsel for Defendant began, but did not complete his voir dire. At the conclusion of the fourth day of selection, the prospective jurors

were told to return the following day, May 19, 2023, at 9:00 a.m. (Jury Selection Tr. 103: 9-11, May 18, 2023).

- On May 19, 2023, a Motion for Mistrial Resulting from Violations Banning Media Coverage and Public Access, and Failure to Maintain an Open Court and Public Trial was filed.[7] In light of the filing of the Motion, the fifth day of jury selection was cancelled.[8] No further hearing was calendared until after the filing of Defendant's Ex Parte Motion for Release with Conditions on June 2, 2023.

- On May 21, 2023, the Judiciary of Guam was closed for business upon the declaration of COR 2 by *I Maga'hagan Guahan* in light of Typhoon Mawar approaching the Mariana Islands and was only opened for limited court-related services and urgent proceedings on May 30, 2023. *See* ADM23-003, May 21, 2023; ADM23-004, May 29, 2023. The Supreme Court of Guam subsequently directed certain urgent matters to continue to be scheduled and heard and for all other matters, including criminal and civil trials, to be rescheduled until June 9, 2023. *See* ADM23-005, May 30, 2023; ADM23-006, Jun. 2, 2023.

- On June 5, 2023, parties returned to court for hearing on Defendant's Ex Parte Motion for Release with Conditions. At the hearing, Attorney Phillips mentioned pending issues before the court, including the Motion for Mistrial. *See* Digital Recording at 11:04:08, Jun. 5, 2023. Counsel for Defendant ultimately asked for this matter to be placed on hold in light of the pending issues and Defendant's upcoming trial in CF0314-21.[9] *Id.* at 11:06:21 ("My request Your Honor is very simple. And that is, as

---

[7] Defendant moved for a mistrial based on structural error because the court did not allow media in the courtroom during jury selection and failed to articulate any specific findings for not maintaining a public trial pursuant to *Waller v. Georgia*, 467 U.S. 39 (1983) and *Press-Enter. Co. v. Superior Court*, 464 U.S. 501 (1984). *See generally*, Mot. Mistrial, May 19, 2023.

[8] The May 19, 2023 selection was vacated in the court's case management system with a note "by Court (Motion filed)." It does not appear that any written order was issued by the court or that the case was called on the record May 19, 2023 to address the filing of the Motion or how the court was planning on proceeding with jury selection.

[9] In CF0314-21, Defendant faces charges of Aggravated Murder (As a First Degree Felony); Murder (As a First Degree Felony); and Aggravated Assault (As a Second Degree Felony). (Indictment in CF0314-21, Jul. 15, 2021).

*People v. Moore*
Case No. CF0313-21
Decision and Order

I said, the other matters are pending before the court and rather than rushing that, we would be willing to waive speedy trial because obviously this matter before Your Honor is not going to be resolved tomorrow and the court I believe needs the time, my client really needs the time to work with us on our murder case. So we ask that this case in essence be put on hold and the court can resolve the matters at its convenience so to speak, and my client at the same time be released, waive speedy trial, and be placed on the conditions similar to before."). Defendant was released back on electronic monitoring and Judge Tolentino indicated the May 2023 jury venire was still available for when trial re-started. *Id.* at 11:15:17, Jun. 5, 2023 ("I spoke with the Jury Commissioner. The panel that the venire that we were able to have is still going to be available to us when we start up so we won't have to re-do another 80 or 60 to call in, okay."). Judge Tolentino set a Status Hearing sixty days out to find out where everything was with both the instant matter and Defendant's more serious matter, CF0314-21. *Id.* at 11:20:58.

- On August 8, 2023, Judge Tolentino inquired as to whether or not the Motion filed in May had been resolved. (Digital Recording at 11:08:33, Aug. 8, 2023). Attorney Phillips indicated that he believed the matter still needed to be addressed. *Id.* at 11:09:03. Attorney Phillips later stated that "Mr. Gavras just pointed out to me that on the record we may have actually withdrawn that as part of the agreement that we were going to move on to the other case and Your Honor would preserve the jury." *Id.* at 11:10:54. Judge Tolentino responded that he would "take counsels representations that I don't know if it was a quid pro quo exchange that was recognition that Mr. Moore has an interest in resolving this and assisting counsel in the investigation for the other case." *Id.* at 11:11:11. Judge Tolentino further noted that the other trial in CF0314-21 before a different court was going to be delayed and invited the parties to consider whether the jury venire needed to be excused due to the

---

Each felony charge also has an attached Special Allegation: Deadly Weapon Used in Commission of a Felony. CF0314-21 is assigned to Judge Maria T. Cenzon.

delays, stating "so you might want to think about too the fact that we might need to exonerate or what's the term... leave the jury pool that we've selected to go rather than keep them hanging because I don't know how much longer they had as jury duty and they've been, I assume plucked out from regular jury selection in other cases." *Id.* at 11:21:25. A Status Hearing was set for several months later on November 14, 2023.

- On October 3, 2023, Defendant filed a Reassertion of Speedy Trial.

- On October 16, 2023, Jury Selection and Trial commenced for the third time. At the start of selection, several issues were brought up before the court, including a stipulation between Defendant and the Government to continue trial to a later date due to the unavailability of lead counsel Lujan and the prosecutor, witness availability, and the pending Motion for Mistrial from the second jury trial. Judge Tolentino denied the parties' joint request to continue trial. He also advised the parties that he had discharged the May 2023 venire, stating:

  > The other thing was with regard to the jury remember we were holding off until after the murder trial was going to be done. The jury commissioner asked the court are we still going to keep them because they're kind of like in limbo. And I said no, we'll go ahead and discharge them. We'll start anew with the jury pool that we have this morning or now. It was just not fair because they were lingering around for, when did we do this, uh, four months, five months, right, and I thought, and then when I found out that you guys continued the murder trial till next year, I can't see myself holding on to I can't see myself holding on to those poor people. So we're starting anew with jury selection.

  (Digital Recording at 9:17:50, Oct. 16, 2023).

- On October 17, 2023, a jury of twelve and four alternates was empaneled and sworn (Digital Recording at 5:06:56, Oct. 17, 2023); however, the matter did not immediately proceed to opening statements and witness testimony. The jurors were told that they would be contacted by the jury commissioner when trial was ready to begin.[10] *Id.* at

---

[10] These sixteen jurors remained on call for jury duty until this Court granted Defendant's October 17, 2023 Motion for Mistrial on April 9, 2024. *See* Order re: Deft's Oct. 17, 2023 Mot. for Mistrial, Apr. 9, 2024.

5:07:30 ("Normally at this time you would be receiving a lot of instructions from the court. However, like I spoke about before, okay, there's going to be a little gap before we can get started with the trial. Alright, and you will be called by the jury commissioner once we're ready to begin.")).

- On October 26, 2023, the parties returned for a Pre-Trial Conference to discuss when opening statements and evidence would begin. Present were Assistant Attorney General Sean Brown who had just returned to the Office of the Attorney General, and Defendant with counsels Lujan, Phillips, and Gavras. Defense counsel brought up issues with regard to the court having rushed through jury selection but then pausing for evidence to begin; the lack of waiting for lead counsel Lujan to participate in the selection; and Defendant's October 17, 2023 Motion for Mistrial. Nothing was mentioned about the dismissal of the second jury venire from May 2023.

- On January 22, 2024, Defendant filed a Status Report on Outstanding Motions for this Court's review, as it was newly assigned to this matter. Included in the Status Report was the following:

  > 2. Defendant expects to file a motion for mistrial based upon Judge Tolentino's failure to bring and continue jury selection with the May 2023 panel for which multiple days of *voir dire* had already occurred and for which multiple jurors had already been struck for cause. . . Defendant has ordered the transcripts from the May 2023 *voir dire* and is awaiting those transcripts in order to finish his motion."

  (Status Report at 2, Jan. 22, 2024).

- On April 9, 2024, after this Court declared a mistrial for the third jury selection, Attorney Gavras mentioned that "there is still this, what we refer to as the second jury that has, we don't believe was ever dismissed, and maybe that one, maybe we could discuss bringing that one back." (Digital Recording at 4:10:40, Apr. 9, 2024).

The Court is presented with an unusual situation. This matter has proceeded to Jury Selection and Trial on three different occasions before the previously assigned judge, Judge Tolentino. A mistrial was formally declared for the first and third selections. *See* Dec. & Order,

Jan. 23, 2023; Order re: Deft's Oct. 17, 2023 Mot. for Mistrial, Apr. 9, 2024. Although Judge Tolentino announced his intent to continue with the May 2023 venire (the second selection) after time was taken for other matters to be addressed, he in effect declared a mistrial by excusing said venire and calling in a new panel of 100 or so jurors for the October 2023 Jury Selection (the third selection). Defendant now moves to dismiss this matter because Judge Tolentino did so without notice to him and the Government. *See generally,* Am. Mot. Dismiss, Aug. 22, 2024.

Defendant cites to Federal Rules of Criminal Procedure ("FRCP") 26.3, *Renico v. Lett,* 559 U.S. 766 (2010), and *United States v. Sepulveda,* 15 F.3d 1161 (1st Cir. 1993) as a basis for his Motion. *Id.* at 5. *Lett* and *Sepulveda* were in a different procedural posture from the instant matter, as jeopardy had attached when the mistrial was declared or requested in those cases. *See Lett,* 559 U.S. at 776 (noting that "Lett's trial was not complex, and there is no reason that the jury would necessarily have needed more than a few hours to deliberate over his guilt."); *Sepulveda,* 15 F.3d at 1184 ("Although the district court struck Commander Gerry's half-completed testimony and told the jurors to disregard what they had heard, appellants assert that the court erred in refusing to grant a mistrial."). FRCP 26.3 provides that "[b]efore ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." Fed. R. Crim. P. 26.3. Guam does not have a corresponding statue or rule to FRCP 26.3. However, the advisory committee notes to the rule set forth that "[t]he Rule is not designed to change the substantive law governing mistrials." Fed. R. Crim. P. 26.3., Advisory Committee Notes. Thus, the Court turns to the substantive law governing mistrials.

The Sixth Amendment guarantees a criminal defendant the right to a trial by a fair and impartial jury. U.S. Const. amend. VI. The Fifth Amendment[11] provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "A jury trial begins, and jeopardy attaches, when the jury is sworn." *Martinez v. Illinois,* 572

---

[11] "[T]he double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and . . . it should apply to the States through the Fourteenth Amendment." *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

U.S. 833, 840 (2014). "Courts have consistently understood an 'empaneled and sworn' jury to refer to the jurors who are sworn to try the case and determine a defendant's guilt or innocence." *Coley v. United States*, 267 A.3d 1065, 1067 (D.C. 2022) (citations omitted). "[F]rom that point forward, the defendant has a constitutional right, subject to limited exceptions, to have his case decided by that particular jury." *United States v. Shafer*, 987 F.2d 1054, 1057 (4th Cir.1993) (citations omitted). *See also United States v. Bates*, 917 F.2d 388 (9th Cir. 1990) ("Criminal defendants have a right to have the jury first impaneled to try them reach a verdict. This right is not absolute, however, and must at times be subordinated to society's interest in just determinations of guilt or innocence."). The Double Jeopardy Clause grants the criminal defendant a "'valued right to have his trial completed by a particular tribunal.'" *United States v. Jorn*, 400 U.S. 470, 484 (1971) (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). Once jeopardy attaches, any re-trial is barred unless "manifest necessity" was demonstrated justifying the court's declaration of a mistrial.[12] Here, no jury was ever empaneled and sworn from the May 2023 venire. Because a jury was never sworn from the second selection, jeopardy never attached. Therefore, in the context of mistrials, absent jeopardy, Defendant does not have any right to have

---

[12] "From *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165, decided in 1824, to *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901, decided in 1961, it has been agreed that there are occasions when a second trial may be had although the jury impaneled for the first trial was discharged without reaching a verdict and without the defendant's consent." *Downum v. United States*, 372 U.S. 734, 735–36 (1963). In 1824, the Supreme Court of the United States stated:

> "[T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes…

*Perez*, 22 U.S. at 580. "This formulation, consistently adhered to by this Court in subsequent decisions, abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial." *Illinois v. Somerville*, 410 U.S. 458, 461 (1973). The words "manifest necessity" "do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge. Indeed, it is manifest that the key word 'necessity' cannot be interpreted literally; instead, contrary to the teaching of Webster, we assume that there are degrees of necessity and we require a 'high degree' before concluding that a mistrial is appropriate." *Arizona v. Washington*, 434 U.S. 497, 506 (1978).

his case decided by the second jury selection venire, and is not entitled to a dismissal because the jurors are no longer available.

The Court acknowledges Defendant's concern with how the jury venire was ultimately discharged off the record. It would have been prudent for Judge Tolentino, before discharging the jurors, to have formally stated on the record his decision to do so. However, Judge Tolentino's discharge of the jury venire off the record doesn't stand in isolation. Judge Tolentino mentioned the possibility of having to relieve the jurors from their jury duty as the matter had been pending for several months in anticipation of CF0314-21 proceeding to trial first, *see* Digital Recording at 11:21:25, Aug. 8, 2023, which is the basis he indicated to the parties for their ultimate discharge on October 16, 2023 at the start of the third selection. *See* Digital Recording at 9:17:50, Oct. 16, 2023. These jurors were told that the trial would be two to three weeks long at the start of selection in May 2023 and were still on call as of August 8, 2023, three months later. The Court also notes that there were at least two motions for mistrial for the second jury venire. Defendant first orally moved for a mistrial after the Pacific Daily News published an erroneous news article about which case and/or charges Defendant was currently on trial for, a motion which the Government joined. *See* Jury Selection Tr. 11: 5-10; 16-17, May 17, 2023. Judge Tolentino denied that joint motion on the third day of selection. *See* Jury Selection Tr. 16: 5-10, May 17, 2023. Defendant's second motion for mistrial was filed on the fifth day of jury selection and alleged structural error during the selection proceedings because the court did not allow any interested members of the media into the courtroom to observe jury selection. *See* Mot. for Mistrial Resulting from Violations Banning Media Coverage and Public Access, and Failure to Maintain an Open Court and Public Trial, May 19, 2023. Although there was mention of the motion possibly being orally withdrawn at the August 8, 2023 hearing, *see* Digital Recording at 11:10:54, Aug. 8, 2023, it is not clear that the Motion was formally withdrawn and it was still being inquired about by defense counsel at the start of the third selection on October 16, 2023. *See* Digital Recording at 9:16:08, Oct. 16, 2023. Therefore, while Defendant is now arguing that he is prejudiced by no longer having the second jury panel available for him for trial, he also previously moved to have a mistrial declared for said jury selection, which would have led to those jurors being dismissed and a new jury venire

pool brought in for the next trial. Additionally, when counsels were informed that the May 2023 jury venire was discharged, no formal objection to that specific action was made on the record after they were advised on October 16, 2023, nor the following day of selection on October 17, 2023, or when parties returned for a continued Pre-Trial Conference on October 26, 2023. Objections were made, however, to the court proceeding to selection even though the parties had stipulated to a continuance and Defendant had indicated he was willing to waive speedy trial. Therefore, in consideration of all the above, the Court DENIES Defendant's Amended Motion to Dismiss Amended Superseding Indictment.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Amended Motion to Dismiss Amended Superseding Indictment. Parties shall return for a Status Hearing on September 16, 2024 at 4:00 p.m.

**IT IS SO ORDERED** this __16th__ day of September, 2024.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
A.G., W. Gavras,
D. Lujan, Phillips & Bordallo
9/16/24  2:07pm
Date       Time
Antonio D Cruz
Deputy Clerk, Superior Court of Guam

_People v. Moore_
Case No. CF0313-21
Decision and Order